[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10230
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cr-00110-JES-UAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDY ESTRADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 6, 2015)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Rudy Estrada pled guilty to illegal re-entry after being deported subsequent to an aggravated felony conviction, in violation of 8 U.S.C. §1326(a) and (b)(2).  He now appeals the 48-month sentence imposed by the district court, arguing that the district court erred in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).

This particular enhancement is triggered when, among other things, a defendant has been convicted of a crime of violence prior to his deportation.  The district court found that Defendant's prior conviction for a violation of Florida Statute § 790.19 was a conviction for a crime of violence within the meaning of the enhancement.  The government acknowledges that, since the district court's imposition of sentence, this Court has issued an opinion that vindicates Defendant's earlier claim of error.  Accordingly, the government concedes that the 16-level enhancement was erroneously applied based on this particular conviction.  After our own review, we agree and remand for resentencing.

## I.  Background

In August 2004, Defendant, a Mexican citizen, was convicted in a Florida state court of throwing a deadly missile, in violation of Florida Statute § 790.19.  Subsequently, Defendant was deported to Mexico, but he later illegally reentered the United States.  Defendant's illegal reentry into the United States was

2

discovered after his arrest on state drug charges, and he thereafter pled guilty in the criminal case that is now before us.

Prior to sentencing, the probation office prepared a presentence report ("PSR") that calculated a base offense level of 8, a 16-level enhancement for a previous crime of violence, and a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 2L1.2(a), § 2L1.2(b)(1)(A)(ii), and § 3E1.1(a) and (b), respectively. These calculations yielded a total offense level of 21. Defendant has a lengthy criminal record that includes felony convictions for burglary, grand theft, battery, and drug trafficking. As a result of his numerous convictions, Defendant was assessed 17 criminal history points, placing him in the highest criminal history category of the Guidelines: Category VI. Based on a total offense level of 21 and a criminal history category of VI, the PSR calculated a guideline range of 77-96 months' imprisonment.

Prior to and during his sentencing hearing, Defendant objected to the 16-level crime of violence enhancement. Defendant argued that his prior Florida § 790.19 conviction did not qualify as a crime of violence within the meaning of § 2L1.2(b)(1)(A)(ii). The commentary for this section of the Guidelines defines "crime of violence" as either being one of the enumerated offenses set out therein or any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment.

3

(n.1(B)(iii)).  The prior Florida conviction at issue was not one of the enumerated offenses set out in the application note and Defendant argued that it did not have an element that required the use, attempted use, or threatened use of physical force against another person.  Defendant, however, conceded that an 8-level aggravated felony enhancement pursuant to § 2L1.2(b)(1)(C) was appropriate in lieu of the 16-level enhancement.[1]

Concluding that the Florida statute in question did qualify as a crime of violence, the district court therefore overruled Defendant's objection to the 16-level enhancement.  Nevertheless, the district court agreed to downwardly vary from the calculated range of 77-96 months, and he sentenced Defendant to a 48-month sentence of imprisonment.

## II. Discussion

On appeal, Defendant argues, and the government concedes, that our recent decision in *United States v. Estrella*, 758 F.3d 1239 (11th Cir. 2014), requires a conclusion that the district court erred in applying the 16-level enhancement because Defendant's prior § 790.19 conviction was not a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii).

A.    *Estrella* Decision

---

[1] The application of the 8-level enhancement in lieu of the 16-level enhancement would have resulted in a total offense level of 13.  Based on a total offense level of 13 and a criminal history score of VI, Defendant's guideline range would have been 33-41 months' imprisonment.

We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *Estrella*, 758 F.3d at 1244. Pursuant to Florida Statute § 790.19:

> Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied, or public or private bus or any train, locomotive, railway car, caboose, cable railway car, street railway car, monorail car, or vehicle of any kind which is being used or occupied by any person, or any boat, vessel, ship, or barge lying in or plying the waters of this state, or aircraft flying through the airspace of this state shall be guilty of a felony of the second degree.

Fla. Stat. § 790.19.

*Estrella* was also an illegal reentry case, in which Estrella's prior § 790.19 conviction was based on an assault that he directed at an occupied vehicle. Likewise in this case, the PSR indicates that defendant Estrada's assault was also targeted at an occupied automobile. In *Estrella*, we first examined whether § 790.19 had as an element the use, attempted use, or threatened use of physical force against the person of another, which is required before a statute can be deemed a crime of violence for purposes of § 2L1.2. We noted that, as a categorical matter, it did not, because some prongs of the statute did not contain an element requiring that the physical force threatened, attempted, or used be directed against a person, as opposed to property. This meant that the statute punished

5

some conduct that would fit the Guidelines' definition of a crime of violence, but it also punished some conduct that would not satisfy that definition. *Estrella*, 758 F.3d at 1248. Stated more simply, some parts of the statute would permit conviction even when the defendant had not directed physical force against a person, as opposed to physical property.

Our analysis did not stop there, however. We looked further to see whether the statute could be considered to be a divisible statute, as set out in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276 (2013). If the statute were considered to be divisible, we could then proceed to analyze whether, under a modified categorical test, the particular conviction meshed with those elements required for an offense to constitute a crime of violence. If the statute were deemed, indivisible, however, the inquiry was over and the particular conviction could not be considered a crime of violence for purposes of enhancing the defendant's sentence. *Estrella*, 758 F.3d at 1245-47.

In examining § 790.19, we concluded that it was a divisible statute; that is, it "effectively create[s] several different crimes." *Id.* at 1249 (alteration in original) (citation omitted). Given that conclusion, we then applied the modified categorical test to determine whether defendant Estrella had been effectively convicted of an offense with elements equivalent to those elements found in an offense for a crime of violence. We concluded that Estrella could be deemed to have been convicted

6

of a crime of violence if his conviction was for wanton conduct, because Florida law defines "wanton" to mean that one has acted intentionally or with reckless indifference to the consequences and with knowledge that damage is likely to be done to some person. *Id.* at 1253. But if instead Estrella had been convicted of only malicious conduct, the latter was satisfied by knowledge that injury or damage would be done to a person or to property and, in that case, Estrella would not be deemed to have been convicted of a crime of violence.

Having set up the analytical model, we then looked to *Shepard*-approved[2] documents to see if we could determine on which of the above two mental elements the defendant had been convicted. That review revealed only a charging document which showed that Estrella had been charged in the disjunctive with "'wantonly or maliciously' targeting 'a vehicle being used or occupied by a person.'" *Id.* at 1254. Accordingly, as the only document before us did not clarify which of the two alternative mental states formed the basis for the defendant's conviction and as one of those mental states would preclude the offense from being deemed a crime of violence, we concluded that Estrella's prior conviction was not a qualifying conviction for purposes of the § 2L1.2(b)(1)(A)(ii) enhancement. *Id.*

B.    Application of *Estrella* to This Case

---

[2] *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005).

7

Summarizing, *Estrella* held that a conviction under Florida Statute § 790.19 is not categorically a crime of violence for purposes of application of the 16-level crime-of-violence enhancement under § 2L1.2(b)(1)(A)(ii).  But that is not the end of the analysis because *Estrella* also concluded that § 790.19 is a divisible statute and hence use of the modified categorical test is appropriate.  To apply that test here, we must next examine any *Shepard*-approved documents to see whether those documents identify the particular *mens rea* element upon which the prior conviction of the defendant in this case rested.  But the government has conceded that the only *Shepard*-approved document here is the information charging Defendant with § 790.19, which information charges that Defendant "wantonly or maliciously" threw a deadly missile at an occupied vehicle.  As Defendant's nolo contendere plea was to an information charging him in the disjunctive with wantonly *or* maliciously committing a particular act in violation of § 790.19 (not with "wantonly *and* maliciously" doing so), we are likewise unable to determine on which *mens rea* element Defendant's conviction was based.  For that reason, we concur with Defendant's argument and accept the government's concession that the district court erred in concluding that this prior conviction was for a crime-of-violence offense.

C.    <u>Terms of the Order of Remand</u>

The only dispute between the parties is how we should couch our order of remand. The government contends that our limited remand of this case should direct the district court to vacate its determination that a 16-level enhancement applies pursuant to § 2L1.2(b)(1)(A)(ii) and instead to apply an 8-level enhancement for a prior aggravated felony, pursuant to § 2L1.2(b)(1)(C), based on Defendant's prior Florida conviction for a violation of § 790.19. Significantly, as the government notes, Defendant not only conceded at the original sentencing that this 8-level enhancement should apply, but he explicitly requested that enhancement in lieu of the 16-level enhancement recommended by the PSR.

Further, the government explains why the 8-level enhancement is warranted here. Under § 2L1.2(b)(1)(C), the offense level of a defendant convicted of illegal reentry shall be enhanced by 8 levels if he has previously been convicted of an aggravated felony. The commentary to this section indicates that an aggravated felony is defined in the Immigration and Nationality Act, 8 U.S.C. §1101(a)(43). USSG §2L1.2, comment. (n.3(A)). Section 1101(a)(43) contains a long list of offenses that constitute an aggravated felony. It includes "a crime of violence" as an aggravated felony and provides that one should look to 18 U.S.C. § 16 for the definition of a crime of violence. 8 U.S.C. § 1101(a)(43)(F). Title 18 U.S.C. § 16 provides that a crime of violence is (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of

9

another or (b) any other offense that is a felony, and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. *Id.* Notably, while a "crime of violence" as set out in § 2L1.2(b)(1)(A)(ii), requires that the act of physical force be directed against "the person of another," 18 U.S.C. §16 provides a broader definition of the target of the physical force, indicating that the latter need only be directed against the person "or property" of another. *Id.*

There is no question that Defendant's conviction for § 790.19 meets the definition of an aggravated felony, as described above. The criminal information for this particular conviction indicated that the defendant had thrown a missile "at, within, or into a vehicle . . . which at the time was being used or occupied by Jesus Reyes." Whether or not Defendant's physical force was directed toward the person of another, it certainly was directed at the property of another, which is all that is required for it to constitute a crime of violence for purposes of aggravated felony status.

Indeed, in explicitly requesting that the district court impose the 8-level enhancement for an aggravated felony, instead of the 16-level enhancement for a crime of violence, defense counsel exhaustively explained at sentencing why this 8-level enhancement was appropriate in this case. In response now to the government's argument that, on remand, the district court should be directed to

10

impose the 8-level enhancement for this prior conviction, Defendant does not deny that he had requested imposition of this 8-level enhancement at his original sentencing.  Nor does he deny that imposition of that enhancement is appropriate and that he had so stipulated at the sentencing hearing.  Finally, he offers no reasons why the enhancement should not be applied.  Instead, with no effort to counter the government's argument, he simply asks that this Court not require the district court to apply the 8-level enhancement at the resentencing hearing following remand.

We find the government's request meritorious.  The defendant stipulated below that the 8-level enhancement should apply and he has offered no argument why his reasoning in support of that stipulation is no longer valid.  We therefore vacate Defendant's sentence and remand to the district court for the limited purpose of the latter (1) vacating its determination that a 16-level enhancement for a prior crime of violence should apply, and instead imposing an 8-level enhancement for an aggravated felony, pursuant to § 2L1.2(b)(1)(C), and (2) resentencing the Defendant in light of a correctly-calculated advisory Guidelines range of 33-41 months.  *See United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010) (28 U.S.C. § 2106 grants a circuit court broad discretion to fashion an appropriate mandate on remand after the vacatur of a sentence in a criminal case).  In resentencing Defendant, the district court shall consider all appropriate 18

U.S.C. § 3553(a) factors in determining a reasonable sentence.  Assuming no plea agreement to the contrary, either party is free to advocate for a departure or variance above or below the correctly-calculated Guidelines range.

**VACATED AND REMANDED.**