**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Rudy ESTRADA, Defendant–Appellant.**

**No. 15–12178**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 24, 2016.

---

Cherie Krigsman, Simon A. Gaugush, Arthur Lee Bentley, III, U.S. Attorney's Office, Tampa, FL, Jesus M. Casas, U.S. Attorney's Office, Fort Myers, FL, for Plaintiff-Appellee.

George Ellis Summers, Jr., Federal Public Defender's Office, Fort Myers, FL, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, Mara Allison Guagliardo, Federal Public Defender's Office, Tampa, FL, for Defendant-Appellant.

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

This is Defendant Rudy Estrada's second appeal of his sentence following his guilty plea to illegal re-entry after being deported subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). In his first appeal, we vacated Defendant's 48–month sentence and remanded for resentencing because the district court erred by applying a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).[1] *United States v. Estrada*, 777 F.3d 1318, 1322–23 (11th Cir.2015). On remand, the district court imposed a 41–month sentence. Defendant now appeals that sentence and argues for the first time that the district court procedurally erred and violated his due process rights by relying on a clearly erroneous fact—that he had been deported several times and returned to the United States. After careful review, we affirm.

## I. BACKGROUND

In 2004, Defendant, a citizen of Mexico, was convicted in Florida state court of throwing a deadly missile, in violation of Fla. Stat. § 790.19. Defendant was removed to Mexico, and later illegally reentered the United States. Defendant's illegal re-entry was discovered when he was arrested in Florida on state drug charges.

After Defendant pleaded guilty to the present illegal re-entry offense, the district court imposed a 48–month sentence. On appeal, we concluded that the district court erred by applying a 16–level enhancement pursuant to § 2L1.2(b)(1)(A)(ii) because Defendant's prior conviction for throwing a deadly missile was not a crime of violence. *Estrada*, 777 F.3d at 1322. However, we determined that Defendant's prior convic-

1. Section 2L1.2(b)(1)(A)(ii) of the U.S. Sentencing Guidelines provides for a 16–level enhancement if the defendant was deported sub-

sequent to a felony conviction for a crime of violence and the conviction receives criminal history points. U.S.S.G. § 2L1.2(b)(1)(A)(ii).

tion would support an eight-level enhancement under § 2D1.2(b)(1)(C) because it met the definition of an aggravated felony. *Id.* at 1322–23. Consequently, we vacated Defendant's sentence and remanded for the limited purpose of having the district court resentence Defendant based on the guideline range applicable with the eight-level enhancement. *Id.*

In anticipation of resentencing, the probation officer completed a revised Presentence Investigation Report ("PSR"). With the inclusion of the 8–level enhancement under § 2L1.2(b)(1)(C), Defendant's total offense level was 13. The PSR assigned Defendant a criminal history category of VI based on 17 criminal history points. Of note, in 2010 and 2011, Defendant was convicted of various cocaine trafficking offenses in Florida state court and received a total sentence of 15 years' imprisonment. Based on a total offense level of 13 and a criminal history category of VI, Defendant's guideline range was 33 to 41 months' imprisonment.

At the resentencing hearing, after ensuring that there were no objections to the PSR, the district court calculated a guideline range of 33 to 41 months' imprisonment. Before imposing sentence, the district court stated that it had considered the 18 U.S.C. § 3553(a) factors and noted that Defendant's new guideline range was significantly lower than his original guideline range. The district court then stated:

> That's the good news for you. The bad news, I guess, is that I thought, when the guidelines were much higher, I considered them, but didn't follow them, and imposed a sentence significantly be-low the guidelines at that time. Not much has changed, really. Your criminal history is what it is, and what it's always been, and you've been deported several times, you've come back, and you continue to make criminal activities. The 15–year sentence you're serving is based upon some of those state criminal activities.

> With regard to your good behavior at sentencing—or in custody, rather, you seem to recognize ... that you are doing apparently much better now, in custody, than you did when you were not in custody. The Court considers, at some level, the progress you've made. I recognize you will receive a benefit, because of that, in terms of good time, things like that.

The district court rejected Defendant's request for a downward variance, concluding that it was not appropriate under the § 3553(a) factors. Consequently, the district court sentenced Defendant to 41 months' imprisonment to run consecutive to his 15–year Florida state sentence.

## II. DISCUSSION

■ Using a two-step process, we review the reasonableness of a district court's sentence for an abuse of discretion. *United States v. Cubero,* 754 F.3d 888, 892 (11th Cir.2014). We first look to whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors,[2] selecting a sentence based on

---

**2.** The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to pro-tect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing dispar-

clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* Then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances. *Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir.2008).

We review factual findings for clear error. *United States v. Williams*, 340 F.3d 1231, 1234–35 (11th Cir.2003). However, when a defendant raises a sentencing argument on appeal that was not raised before the district court, including a challenge to the procedural reasonableness of his sentence, we review for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir.2014). Under plain error review we will reverse where there is "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights, and ... (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir.2013).

On appeal, Defendant only challenges the procedural reasonableness of his sentence. In particular, he argues that the district court violated his due process rights by relying on a clearly erroneous fact, namely that Defendant had been deported multiple times and reentered the United States. As Defendant properly concedes, he did not raise this argument before the district court. Accordingly, our review of his argument is limited to plain error. *See Vandergrift*, 754 F.3d at 1307.

We conclude that Defendant has not met his burden of showing that the district court plainly erred in imposing his 41-month sentence by relying on the fact that he had been deported multiple times and

returned to the United States. With that said, the record indicates that the district court mistakenly stated that Defendant had been deported several times. Indeed, the Government agrees that the district court's statement was incorrect. Further, the Government does not contest that Defendant was only deported one time on March 31, 2005. However, Defendant's revised PSR used two different dates to refer to Defendant's deportation: March 31, 2005 and May 31, 2005. While the PSR's statement regarding the May 31, 2005 deportation date appears to be erroneous, Defendant did not object, and thus he arguably admitted this fact for sentencing purposes. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir.2006) (stating that the failure to object to factual statements in the PSR admits them for sentencing purposes). Because the two deportations dates listed in the PSR could have led the district court to conclude that Defendant had been deported more than once, we cannot say that the district court committed error, or that the error was plain. *See id.; cf. United States v. Philidor*, 717 F.3d 883, 885 (11th Cir.2013) (indicating that a factual finding is clearly erroneous when, after reviewing the evidence, we are "left with the definite and firm conviction that a mistake has been committed." (quotation omitted)).

In any event, even if we concluded that the district court committed error and that the error was plain, Defendant has not shown that this error affected his substantial rights. The district court's imposition of Defendant's sentence was not based solely on its mistaken belief that he had been deported multiple times. In fashioning Defendant's sentence, the district court considered the other § 3553(a) factors, as well as Defendant's mitigating evidence related to his rehabilitative efforts in prison.

ities; and (10) the need to provide restitution     to victims. 18 U.S.C. § 3553(a).

The district court also referenced Defendant's lengthy criminal history and the lack of deterrent effect Defendant's prior punishment had on his continued criminal activities. In particular, the district court explicitly stated that Defendant committed the Florida state drug offenses for which he received a 15–year sentence after he had been deported and returned to the United States.

Because the record does not show that Defendant's sentence was entirely based on the statement that he had been deported several times, he has failed to show a reasonable probability that his within-guidelines sentence would have been different but for the district court's statement regarding the number of deportations. *See United States v. Bane,* 720 F.3d 818, 830 (11th Cir.2013) (" 'A substantial right is affected if the appealing party can show that there is a reasonable probability that there would have been a different result had there been no error.' "). Thus, Defendant has not met the third prong of the plain error test because he has not demonstrated that the error affected his substantial rights. *See Jones v. United States,* 527 U.S. 373, 394–95, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) ("Where the effect of the [alleged error] is so uncertain, a defendant cannot meet his burden of showing that the error actually affected his substantial rights.").

█ We are similarly not persuaded that the district court's purported error violated Defendant's due process rights. Again, Defendant did not raise this argument before the district court, so we review for plain error. *See Vandergrift,* 754 F.3d at 1307; *see also United States v. Candelario,* 240 F.3d 1300, 1305–06 (11th Cir.2001) (stating that a constitutional objection that is not raised before the district court is reviewed for plain error on appeal). A defendant has a due process

right not to be sentenced based on false or unreliable information. *United States v. Ghertler,* 605 F.3d 1256, 1269 (11th Cir. 2010). To establish a due process violation, a defendant must show that: (1) the information is false and unreliable; and (2) that the information actually served as a basis for the defendant's sentence. *See United States v. Reme,* 738 F.2d 1156, 1167–68 (11th Cir.1984) (concluding that a due process violation occurred where unreliable hearsay evidence was the "salient" factor in determining Defendant's sentence). As we have shown, even if Defendant could establish error that was plain, his due process argument fails because he cannot establish that the error affected his substantial rights. *See Bane,* 720 F.3d at 830; *Jones,* 527 U.S. at 394–95, 119 S.Ct. 2090.

For all of these reasons, Defendant's sentence is **AFFIRMED.**