[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11217
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20698-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ANTONIO GERMAN,
a.k.a. Platano,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 23, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos German appeals his 70-month sentence, imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He contends that the district court procedurally erred by relying on a base offense level of 24 to calculate the guideline range because his prior Florida conviction of burglary of a dwelling is not a conviction of a crime of violence under the sentencing guidelines. He argues that his conviction is not an enumerated conviction of a crime of violence and that the residual clause of the definition of "crime of violence" is unconstitutionally vague. He maintains that the district court's procedural error warrants reversal and cannot be viewed as harmless.

We review *de novo* whether a prior conviction qualifies as a conviction of a crime of violence. *United States v. Estrada*, 777 F.3d 1318, 1321 (11th Cir. 2015). We may affirm a sentence "for any reason supported by the record, even if not relied upon by the district court." *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013) (quotation omitted). We review a sentence under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The base offense level for the crime of unlawful possession of a firearm is 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2); *see also* U.S.S.G. § 2K2.1,

2

comment. (n. 1) (referring to U.S.S.G. § 4B1.2(a) for the definition of "[c]rime of violence").

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>     (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>     (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a); *see also United States v. Matchett*, 802 F.3d 1185, 1193-94 (11th Cir. 2015) (referring to the final clause in the definition of "crime of violence" as the residual clause).

> For offenses committed on or before July 1, 2001, "burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

Fla. Stat. § 810.02(1)(a).  The Florida crime of burglary of a dwelling is "a crime of violence under the residual clause . . . because it 'involves conduct that presents a serious potential risk of physical injury to another.'"  *Matchett*, 802 F.3d at 1197 (quoting U.S.S.G. § 4B1.2(a)(2)).

We held that the sentencing guidelines cannot be unconstitutionally vague because they are merely an advisory tool to assist sentencing judges in determining

3

appropriate sentences.  *Id.* at 1194-96.  The vagueness doctrine "rests on a lack of notice" and does not apply to these advisory guidelines because a defendant cannot expect to receive a sentence within the applicable guideline range.  *Id.* at 1194-95 (quotation omitted).

German's Florida conviction of burglary of a dwelling is a conviction of a crime of violence under the residual clause of the sentencing guidelines.  *See Matchett*, 802 F.3d at 1197.  Binding precedent forecloses his contention that the residual clause is unconstitutionally vague.  *See id.* at 1194-96.  German does not dispute that he also has a prior felony conviction of a controlled-substance offense.  The district court did not err by relying on a base offense level of 24 for the purpose of calculating the applicable guideline range.  *See* U.S.S.G. § 2K2.1(a)(2).

The Government asserts that we may also affirm on the grounds that the district court in this case stated that it would have imposed the same sentence.  We will affirm a sentence based on harmless error in calculating the guideline range if we know that the district court would have imposed the same sentence regardless of its ruling on a guidelines issue, and the sentence is reasonable even if that issue was decided in the defendant's favor. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). The defendant has the burden of establishing the unreasonableness of the sentence had the court decided the guidelines issue in the defendant's favor. *See id*. at 1350.

4

The district court determined that even if it erred by relying on a base offense level of 24, a 70-month sentence was appropriate.  The district court stated that its decision was based upon German's possession of two firearms, magazines, and ammunition and his sale of those items to the confidential informant on two different dates.  The district court further based its decision on German's "extensive criminal history for just about half his life, since he's 16 to 32."  Finally, the district court referenced the § 3553(a) factors and stated that a 70-month sentence was "sufficient, but not greater, than necessary, to reflect the need for the sentence imposed to reflect just how serious this offense is, the need to afford adequate deterrence to criminal conduct, to promote respect for the law and provide just punishment."

A 70-month sentence was not an unreasonable sentence for German.  As the court pointed out, German has an adult criminal record that begins at age 16 with the commission of a felony and includes convictions of burglary of a dwelling, attempted burglary, and several controlled substance offenses.  Thus even if the district court erred in calculating the guidelines range, the error was harmless because the sentence was reasonable.

AFFIRMED.

5

ROSENBAUM, Circuit Judge, concurring:

I concur in the result of this decision.  I write separately to note only that I continue to respectfully disagree with our analysis in *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), for the reasons I have previously expressed in *United States v. Matchett*, 837 F.3d 1118, 1143 (11th Cir. 2016) (Rosenbaum, J., dissenting from denial of rehearing en banc).