[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16193
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80032-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICHOLAS MAIDA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 18, 2017)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Nicholas Maida appeals his 120-month sentence, imposed after he pled guilty to one count of possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In calculating Maida's guideline range, the district court determined that he qualified for a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2) because he had two prior convictions for "crimes of violence" as defined in U.S.S.G. § 4B1.2. On appeal, Maida argues that the district court erred in determining that his prior Florida conviction for aggravated battery with a deadly weapon qualifies as a "crime of violence." He asserts that the offense does not include as an element the use, attempted use, or threatened use of force.

We review *de novo* whether a prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Estrada*, 777 F.3d 1318, 1321 (11th Cir. 2015). The guidelines provide for a base offense level of 24 for a defendant convicted of unlawfully possessing a firearm if the defendant committed that offense after sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(a)(2). The guidelines that applied when Maida was sentenced defined "crime of violence" as any offense punishable by imprisonment for a term exceeding on year, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (amended 2016).

Under Florida law, a person commits aggravated battery when he commits simple battery along with one of three aggravating factors.  Fla. Stat. Ann. § 784.045(1).  Simple battery is defined as (1) actually and intentionally touching or striking another person against the will of the other, or (2) intentionally causing bodily harm to another person.  *Id*. § 784.03(1)(a).  Aggravated battery occurs when a person commits simple battery and (1) intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; (2) uses a deadly weapon; or (3) knew or should have known that the victim was pregnant.  *Id.* § 784.045(1); *Turner v. Warden, Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015).

As Maida acknowledges, we previously have held that Florida's aggravated battery with a deadly weapon statute qualifies as a "violent felony" under the Armed Career Criminal Act's ("ACCA") elements clause, which is worded the same as the elements clause in U.S.S.G. § 4B1.2(a).  *Turner*, 709 F.3d at 1341.  Furthermore, we recently confirmed that, despite questions regarding its continuing validity, *Turner* remains binding precedent in this Circuit.  *See generally United*

3

*States v. Golden*, 854 F.3d 1256 (11th Cir. 2017); *see id.* at 1256-57 (noting that *Turner* controlled the determination of whether a Florida aggravated assault conviction qualified as a "crime of violence" under U.S.S.G. § 4B1.2 because, although *Turner* concerned ACCA's elements clause, the elements clauses under ACCA and guidelines are identical).

We continue to be bound to follow *Turner* unless and until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court; thus, we acknowledge that Maida has preserved this challenge but do not address it further. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003); *see also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (noting that, although a decision of the Supreme Court may overrule or abrogate prior panel precedent, such a decision "must be clearly on point" (internal quotation marks omitted)). We therefore affirm Maida's sentence.

**AFFIRMED.**