[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12297
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20990-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEDRICK HOWARD HUGHES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 8, 2017)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Kedrick Howard Hughes appeals his total 262-month sentence, after pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and one count of possession with intent to distribute cocaine base and marijuana, in violation of 21 U.S.C. § 841(a)(1). On appeal, Hughes argues that the district court erred in finding that his Florida aggravated assault conviction was a violent felony under the Armed Career Criminal Act ("ACCA") or a crime of violence under the career offender Guideline. He also argues the district court erred in finding that his Florida possession of cocaine with intent to sell or deliver convictions were serious drug offenses under the ACCA and controlled substance offenses under the career offender Guidelines, but concedes that precedent forecloses his argument. After review,[1] we affirm.

## I. DISCUSSION

Hughes' argument that his Florida aggravated assault conviction is not a violent felony is foreclosed by our decision in *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328 (11th Cir. 2013), *abrogated in part on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015). There, we stated unequivocally that a conviction under Fla. Stat. § 784.021, of which Hughes was convicted, "will

---

[1] We review *de novo* whether a prior conviction is a violent felony or a serious drug offense within the meaning of the ACCA. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

always include as an element the . . . threatened use of physical force against the person of another, . . . and thus qualifies as a violent felony for purposes of [§ 924(e)(2)(B)(i)] of the ACCA." *Turner*, 709 F.3d at 1338 (quotation omitted). On this point, *Turner* has not been abrogated by intervening Supreme Court decisions or overruled by this Court en banc. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (restating prior panel rule); *United States v. Golden*, 854 F.3d 1256 (11th Cir. 2017) (addressing the same argument and finding that it remains foreclosed by *Turner*). Hughes' argument that his Florida aggravated assault conviction is not a "crime of violence" under U.S.S.G. § 4B1.1 fails for the same reason. *Id.* ("Although *Turner* addressed the 'elements' clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), that clause is identical to the elements clause of § 4B1.2(a)(1). As a result, *Turner* is binding." (citing *United States v. Fritts*, 841 F.3d 937, 940 (11th Cir. 2016))).

Second, as Hughes concedes in his brief, we also have precedent that defeats his contention that his convictions for possession with intent to distribute cocaine are not "serious drug offense[s]," 18 U.S.C. § 924(e)(2)(A), or "controlled substance offense[s]," U.S.S.G. § 4B1.2(b). *See United States v. Smith*, 775 F.3d 1262, 1266–68 (11th Cir. 2014). The district court properly determined that

3

Hughes had three predicate offenses and therefore qualified for the ACCA enhancement and career offender enhancement under the Guidelines.[2]

## II. CONCLUSION

For the foregoing reasons, we affirm.

**AFFIRMED.**

---

[2] Thus, we need not address the Government's argument that Hughes waived his right to appeal this issue.