[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10948
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60204-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWOYN ANDERSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 19, 2019)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Antwoyn Anderson appeals his 235-month Armed Career Criminal Act ("ACCA") enhanced sentence after he pled guilty to one count of possession of a firearm by a convicted felon and one count of possession of a controlled substance. First, he argues that the district court erred in using his prior convictions for possession of cocaine with intent to sell, in violation of Fla. Stat. § 893.13, as a predicate serious drug offense under the ACCA's elements clause. Second, he argues that the district court erred in using his prior conviction for Florida aggravated assault as a predicate violent felony under the ACCA's elements clause.

## I.

We review *de novo* whether a conviction qualifies as a serious drug offense under the ACCA. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). We are bound by a prior panel opinion, even if it was wrongly decided, until the opinion's holding is overruled by the Supreme Court or this Court sitting *en banc*. *See United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017). Further, we do not assign precedential significance to grants of *certiorari*. *Gissendaner v. Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) ("Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent . . . .").

We have held that the Florida crime of possession of a controlled substance with the intent to sell, in violation of Fla. Stat § 893.13, is categorically a serious drug offense under the ACCA. *United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014). Anderson's argument that his prior convictions for possession of cocaine with intent to sell under Fla. Stat. § 893.13 were not serious drug offenses is thus foreclosed by *Smith*. Accordingly, the district court did not err in using Fla. Stat. § 893.13 to determine his status as an armed career criminal.

## II

We review *de novo* the district court's determination that a defendant's prior convictions constituted violent felonies under the ACCA. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014). We have held that the Florida crime of aggravated assault is categorically a violent felony under the ACCA. *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1337-39 (11th Cir. 2013) *abrogated on other grounds by United States v. Hill*, 799 F.3d 1318, 1321 n.1 (11th Cir. 2015). Further, we have since reaffirmed our holding as to Florida aggravated assault, concluding in *Golden* that Florida aggravated assault constitutes a crime of violence under the identical elements clause in the career offender sentencing guidelines. *Golden*, 854 F.3d at 1256-57.

Anderson's argument that his prior conviction for Florida aggravated assault was not a violent felony is foreclosed by *Turner*. Accordingly, the district court did not err in using his prior aggravated assault conviction to determine his status as an armed career criminal.

**AFFIRMED.**

4