PER CURIAM:
The issue in this appeal is whether a Florida conviction for aggravated assault, see Fla. Stat. § 784.021, constitutes a “crime of violence” under U.S.S.G. § 2K2.1(a)(2) cmt. n.1 (incorporating the definition of “crime of violence” from U.S.S.G. § 4B1.2). Mr. Golden contends that it does not, but his argument is foreclosed by our precedent. See Turner v. Warden Coleman FCI, 709 F.3d 1328, 1337-38 & n.6 (11th Cir. 2013). Although *1257 Turner addressed the “elements” clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), that clause is identical to the elements clause of § 4B1.2(a)(1). See United States v. Fritts, 841 F.3d 937, 940 (11th Cir. 2016). As a result, Turner is binding.
Mr. Golden argues that Turner did not correctly apply United States v. Palomino Garcia, 606 F.3d 1317 (11th Cir. 2010). And some members of our court have questioned the continuing validity of Turner in light of cases like Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). See In re Hunt, 835 F.3d 1277, 1288 (11th Cir. 2016) (Jill Pryor, J., concurring, joined by Wilson and Rosenbaum, JJ.). But even if Turner is flawed, that does not give us, as a later panel, the authority to disregard it. See Smith v. GTE Corp., 236 F.3d 1292, 1303 (11th Cir. 2001) (“[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel’s reasoning or analysis as it relates to the law in existence at that time.”).
Affirmed.