[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15797
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00048-GKS-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARL WILLIAM CALHOUN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 21, 2017)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Karl Calhoun appeals his 60-month sentence imposed

for one count of being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1).  On appeal, Calhoun argues that the district court erred when it determined that his two prior Florida aggravated assault convictions qualified as "crimes of violence" under U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2.  After review, we affirm Calhoun's sentence.[1]

Under U.S.S.G. § 2K2.1, a defendant convicted of a firearm offense is assigned a base offense level of 24 if the defendant committed the firearm offense after "sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  See U.S.S.G. § 2K2.1(a)(2).  For § 2K2.1 purposes, the term "crime of violence" shares the definition found in § 4B1.2(a) applicable to career offenders.  See U.S.S.G. § 2K2.1 cmt. n.1 (cross-referencing § 4B1.2(a) & cmt. n.1).

Section 4B1.2(a) defines a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that (1) "has an element the use, attempted use, or threatened use of physical force against the person of another" ("the elements clause") or (2) is one of a list of enumerated offenses, including "aggravated assault" ("the enumerated offenses clause").  See U.S.S.G. § 4B1.2(a) app. C, amend. 798 (Aug. 1, 2016) (modifying

---

[1]We review de novo whether a defendant's prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines. United States v. Romo-Villalobos, 674 F.3d 1246, 1247 (11th Cir. 2012) (per curiam).

§ 4B1.2 and its commentary to remove the "residual clause" and to add several enumerated offenses).[2]

Here, it is undisputed that Calhoun has two prior felony convictions for aggravated assault under Florida Statutes § 784.021(1)(a), one in 2001 and the other in 2009.  Under Florida law, a person commits felony aggravated assault if he commits an assault: (a) "[w]ith a deadly weapon without intent to kill" or (b) "[w]ith an intent to commit a felony."  Fla. Stat. § 784.021(1).  An "assault," in turn, is defined as:

> an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

Fla. Stat § 784.011(1) (emphasis added).

This Court has held that Florida aggravated assault necessarily includes as an element the threatened use of physical force against another person.  See United States v. Golden, 854 F.3d 1256, 1255-57 (11th Cir. 2017) (per curiam) (concluding that Florida aggravated assault qualifies as a "crime of violence" under U.S.S.G. § 2K2.1 and the elements clause in § 4B1.2(a)(1)), petition for cert. filed, (U.S. June 30, 2017) (No. 17-5050); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1337-38 (11th Cir. 2013) (concluding that Florida aggravated

---

[2]At Calhoun's August 25, 2016 sentencing, the district court applied the November 2015 version of the Sentencing Guidelines with the amendments effective August 1, 2016.

3

assault qualifies as a "violent felony" under the Armed Career Criminal Act's identically worded elements clause in 18 U.S.C. § 924(e)(2)(B)(i)).[3] Accordingly, based on our binding precedent, we conclude that the district court did not err in determining that Calhoun's two Florida aggravated assault convictions were crimes of violence under the elements clause in U.S.S.G. § 4B1.2 (a)(1).

For these reasons, the district court did not err in calculating Calhoun's base offense level of 24 under § 2K2.1(a)(2) based on Calhoun's two prior Florida convictions for aggravated assault.

**AFFIRMED.**

---

[3]Because we conclude Calhoun's two Florida aggravated assault convictions qualified as crimes of violence under the elements clause of § 4B1.2(a)(1), we do not address whether those convictions would also qualify under the enumerated offenses clause of § 4B1.2(a)(2).