[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16404
Non-Argument Calendar
_____

D.C. Docket No. 8:06-cr-00077-JDW-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENO T. JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 24, 2017)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Geno Jackson appeals his 120-month sentence of imprisonment for possession of a firearm by a convicted felon, imposed after the district court granted his 28 U.S.C. § 2255 motion, vacated his sentence, and resentenced him without an enhancement under the Armed Career Criminal Act ("ACCA"). On appeal, Jackson argues that the district court erred in finding that his prior Florida conviction for aggravated assault under Fla. Stat. § 784.021 qualified as a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A). As he acknowledges, however, this argument is foreclosed by binding circuit precedent.[1]

Section 2K2.1(a)(4)(A) provides for an enhanced base offense level of 20 if the defendant committed any part of the offense subsequent to sustaining one felony conviction for either a "crime of violence" or a "controlled substance offense." A "crime of violence" for purposes of § 2K2.1(a)(4)(A) is any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is one of a list of enumerated offenses, including aggravated assault. U.S.S.G. § 4B1.2(a) (Nov. 2016)[2]; *see* U.S.S.G. § 2K2.1 cmt. n.1 (incorporating § 4B1.2(a)'s definition).

---

[1] The parties dispute whether plain-error review or invited error applies to Jackson's current challenge. We need not decide that issue because Jackson's challenge fails even under de novo review.

[2] Jackson was resentenced using the 2016 version of the Guidelines Manual, which no longer contains a "residual clause" definition for "crime of violence" in U.S.S.G. § 4B1.2(a).

In *Turner*, we held that a conviction under Florida's aggravated-assault statute, Fla. Stat. § 784.021, qualifies as a violent felony under the ACCA. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337–38, 1337 n.5 (11th Cir. 2013), *abrogated on other grounds as recognized in United States v. Hill*, 799 F.3d 1318, 1321 n.1 (11th Cir. 2015). We held that "a conviction under section 784.021 will always include as an element the . . . threatened use of physical force against the person of another." *Id.* at 1338 (internal quotation marks omitted). That holding likewise applies to the "elements" clause of § 4B1.2(a)(1), because that clause is identical to the elements clause of the ACCA. *See United States v. Fritts*, 841 F.3d 937, 940 (11th Cir. 2016).

Jackson argues that *Turner* has been undermined to the point of abrogation by cases like *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), but we have rejected that contention since Jackson filed his initial brief in this Court. In particular, we held in *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017), *petition for cert. filed*, (U.S. June 30, 2017) (No. 17-5050), that *Turner* remains binding precedent in this Circuit. Jackson acknowledges *Golden* in his reply brief but maintains, for purposes of further review, that *Turner* was wrongly decided. "But even if *Turner* is flawed, that does not give us, as a later panel, the authority to disregard it." *Id.* at 1257.

3

Accordingly, the district court properly found that Jackson's Florida conviction for aggravated assault is a "crime of violence" for purposes of § 2K2.1(a)(4)(A).  We therefore **AFFIRM** Jackson's sentence.

**AFFIRMED.**