[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16619
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00099-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL KELLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 25, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Michael Kelly of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g), and the District Court sentenced him to prison for a term of 70 months.  He appeals his sentence, contending that the District Court, in determining the total offense level under the Guidelines, erred in treating his prior Florida conviction for aggravated assault as a "crime of violence," as defined in U.S.S.G. § 4B1.2(a), and thus should not have enhanced his base offense level, U.S.S.G. § 2K2.1.

We review *de novo* whether a prior conviction qualifies as a crime of violence under the Sentencing Guidelines.  *United States v. Estrada*, 777 F.3d 1318, 1321 (11th Cir. 2015).  Under the prior-panel-precedent rule, subsequent panels are bound by the holding of a prior panel until it is overruled or undermined to the point of abrogation by a decision of the Supreme Court or this Court sitting *en banc*.  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  Our prior holdings regarding whether an offense constitutes a violent felony under the Armed Career Criminal Act ("ACCA") are instructive of whether an offense constitutes a "crime of violence" under the career offender guideline in § 4B1.2, because of the similar definition for both terms.  *Id.* at 1350 n.1.

A defendant convicted of unlawful possession of a firearm receives an enhanced base offense level of 20 under § 2K2.1 if he committed that offense after sustaining one felony conviction of either a crime of violence or a controlled

2

substance offense.  U.S.S.G. § 2K2.1(a)(4)(A).  Section 2K2.1, in turn, directs that the definition of "crime of violence" is the definition in § 4B1.2.  *Id.*, § 2K2.1, comment. (n.1).  Under the 2015 version of the Guidelines that apply in this case,[1] "crime of violence" was defined as any offense punishable by imprisonment for a term exceeding one year, that:

(1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)    is burglary of a dwelling, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  The first prong of this definition includes the elements clause, while the second prong includes the enumerated clause and the residual clause.  *See United States v. Lockley*, 632 F.3d 1238, 1240–41 (11th Cir. 2011).  The commentary to § 4B1.2 adds aggravated assault as an enumerated offense for a crime of violence.  U.S.S.G. § 4B1.2, comment., n.1.

Florida law defines aggravated assault as an assault (a) with a deadly weapon without intent to kill, or (b) with an intent to commit a felony.  Fla. Stat. § 784.021(1).  We held in *Turner v. Warden, Coleman FCI (Medium)* that Florida's aggravated assault statute qualifies as a violent felony under the elements clause of the ACCA, because it necessarily includes, under the terms of the statute,

---

[1] Effective August 1, 2016, § 4B1.2 was amended, but the revisions do not impact this case.

3

an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so.  709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015).  Thus, we held that the conviction will always include as an element the threatened use of physical force against another person.  *Id.*

Furthermore, we recently confirmed that *Turner* remains binding precedent in this Circuit.  *See United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017), *petition  for cert. filed*, (U.S. June 21, 2017) (No. 17-5050).  We held that *Turner* controlled the determination of whether a Florida conviction of aggravated assault qualified as a "crime of violence" under U.S.S.G. § 4B1.2, noting that, although *Turner* addressed whether the conviction qualified as an ACCA predicate, it was nonetheless binding because the elements clause under the ACCA and the Guidelines are identical.  *Id.*  Moreover, we recognized that *Turner*'s validity has been questioned in light of cases such as *Descamps v. United States*, 133 S. Ct. 2276 (2013), but nevertheless concluded that, under the prior-panel-precedent rule, we do not have the authority to disregard *Turner*.  *Golden*, 854 F.3d at 1257.

The District Court correctly determined that Kelly's prior Florida aggravated assault conviction qualifies as a "crime of violence."  *See* U.S.S.G. § 4B1.2(a). Kelly's arguments to the contrary are directly foreclosed by our precedent.  *See Golden*, 854 F.3d at 1256–57; *Turner*, 709 F.3d at 1338.

4

**AFFIRMED.**