[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12165
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22413-UU,
1:14-cr-20464-UU-1

FRITZ GILLES,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2018)

Before MARTIN, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

In 2014, Fritz Gilles pled guilty to one count of Hobbs Act robbery under 18 U.S.C. § 1951(a) and one count of possession of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii).[1]  This appeal is about whether Hobbs Act robbery qualifies as a predicate "crime of violence" under 18 U.S.C. § 924(c).

After Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague, Gilles filed a motion to correct his sentence under 28 U.S.C. § 2255.  The district court denied Gilles's motion but granted a certificate of appealability on the question of "whether a conviction for Hobbs Act robbery categorically qualifies as a 'crime of violence' under § 924(c)'s 'use-of-force' clause in light of Johnson."

When reviewing the district court's denial of a motion to vacate, we review legal issues de novo and findings of fact for clear error.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a "crime of violence."  18 U.S.C. § 924(c)(1)(A).  "Crime of violence" has two definitions.  The first is a felony that

---

[1] The December 2014 judgment entered in the criminal action against Gilles erroneously stated that he was convicted of conspiracy to commit Hobbs Act robbery.  The judgment was corrected in July 2016 to show that Gilles was actually convicted of Hobbs Act robbery.

"has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(A). That definition is known as the use-of-force clause. The second definition is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B). That definition has often been called the residual clause. Gilles says that Hobbs Act robbery cannot qualify as a predicate felony under either definition.

However, this circuit has held that Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause. Id. at 1340; see also In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015) (holding that published decisions in the context of an application for permission to file a second or successive § 2255 petition are binding precedent). Gilles says that we are not bound to follow Saint Fleur because it did not correctly apply the categorical approach as articulated in prior panel precedent, see United States v. McGuire, 706 F.3d 1333 (11th Cir. 2013), and in subsequent Supreme Court precedent, see United States v. Mathis, 599 U.S. ___,136 S. Ct 2243 (2016). Gilles also says that Saint Fleur is not binding because it misinterpreted the Hobbs Act by not considering the Act's legislative history or the meaning of similar terms in other statutes.

Although McGuire applied the categorical approach, McGuire, 706 F.3d at 1336–38, it did not address whether Hobbs Act robbery qualifies as a "crime of

3

violence," and did not bind the outcome in <u>Saint Fleur</u>.  As a result, we must follow <u>Saint Fleur</u> unless it is "overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."  <u>See</u> <u>United States v. Lopez</u>, 562 F.3d 1309, 1312 (11th Cir. 2009).  We cannot say that <u>Mathis</u> abrogated <u>Saint Fleur</u>.  <u>See</u> <u>United States v. Golden</u>, 854 F.3d 1256 (11th Cir. 2017) (per curiam) (holding that prior panel precedent was still binding after <u>Mathis</u>); <u>see also</u> <u>id.</u> at 1259 (Jill Pryor, J., concurring) (noting that <u>Mathis</u> was "not clearly on point" because it considered the definition of "violent felony" in the elements clause of the Armed Career Criminal Act).  And as for Gilles's argument that <u>Saint Fleur</u> did not consider the Hobbs Act's legislative history or the meaning of similar terms in other statutes, that perceived failure does not "open the door to reconsideration of the question by a second panel."  <u>See</u> <u>United States v. Bascaro</u>, 742 F.2d 1335, 1343 (11th Cir. 1984), <u>abrogated on other grounds by</u> <u>United States v. Lewis</u>, 492 F.3d 1219, 1222 (11th Cir. 2007).

Therefore Gilles's conviction for Hobbs Act robbery qualifies as a predicate crime of violence under the use-of-force clause.  His conviction under § 924(c) is valid, and the district court did not err.

**AFFIRMED**.