[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13482
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00185-MMH-PDB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHELDON LAMONT JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 6, 2018)

Before TJOFLAT, NEWSOM and FAY, Circuit Judges.

PER CURIAM:

Sheldon Lamont Jackson appeals his 180-month sentence for possession of a firearm as a convicted felon.  We affirm.

## I. BACKGROUND

In January 2015, a Jacksonville Sheriff's officer stopped a vehicle that Jackson was operating after seeing it driving in the wrong direction.  Jackson gave the officer a copy of his driver's license, which was suspended.  Tawama Thompson and Pricina Berry were passengers in the car.  Jackson consented to a search of his vehicle, which revealed a nine-millimeter pistol.  Jackson stated that the firearm was not his and that he did not know how it ended up under the driver's seat.  A subsequent check revealed that the firearm had been reported stolen in an automobile burglary.  Jackson was a convicted felon with multiple prior convictions.

A federal grand jury indicted Jackson on one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). Jackson pled guilty to the charged conduct pursuant to a written plea agreement. The Presentence Investigation Report ("PSI") summarized the above facts and stated that Jackson had obstructed, or attempted to obstruct, the administration of justice with respect to Thompson's grand jury testimony.  It also stated that, while

2

Jackson had admitted to his guilt, he did not qualify for a reduction for acceptance of responsibility based on his repeated attempts to dissuade Thompson from testifying before the grand jury.

The PSI applied a base offense level of 14, a two-level enhancement because the firearm Jackson possessed was stolen and a two-level enhancement for obstruction of justice.[1] The PSI outlined three Florida felony convictions that served as predicate offenses for an Armed Career Criminal Act ("ACCA") enhancement: (1) a 1995 conviction for possession with intent to sell cocaine; (2) a 1996 conviction for possession with intent to distribute cocaine; and (3) a 2001 conviction for resisting an officer with violence in violation of section 843.01 of the Florida Statutes.  Based on these convictions, the PSI designated Jackson as an armed career criminal and established his offense level to be 33.[2]  The PSI stated that Jackson's criminal history category was III based on his criminal history score but became IV based on his ACCA designation.  Jackson's statutory term of imprisonment was 15 years to life.  Based on a total offense level of 33 and a criminal history category of IV, Jackson's guideline range was 188 to 235 months.

Jackson objected to the obstruction-of-justice enhancement and the lack of a reduction for acceptance of responsibility.  At the sentencing hearing, the district

---

[1] *See* U.S.S.G. §§ 2K2.1(a)(6), (b)(4)(A), 3C1.l.

[2] *See* U.S.S.G. § 4B1.4(b)(3)(B).

court noted that the government did not oppose Jackson receiving a two-level reduction for acceptance of responsibility. After hearing testimony from Thompson and considering the parties' arguments, the district court determined that Jackson had willfully obstructed justice by attempting to influence Thompson's testimony and overruled his objection to the two-level enhancement. However, because the government knew of this conduct before it entered into the plea agreement, the district court determined that Jackson qualified for a two-level reduction for acceptance of responsibility.

Jackson also argued that resisting arrest with violence was not a violent felony. After hearing arguments, the district court determined that Florida courts have said that violence is a necessary element of resisting arrest with violence, whether actual, attempted, or threatened. The court stated that, to the extent that section 843.01 was divisible, a conviction for resisting arrest with actual violence, or offering to do so, qualified as a violent felony. The district court determined that, with the benefit of a two-level reduction for acceptance of responsibility, Jackson's guideline range would ordinarily be 151 to 188 months of imprisonment, but became 180 to 188 months due to the statutory minimum.

The government entered into evidence the three judgments supporting Jackson's ACCA designation. The district court noted that it had reviewed Jackson's statement in his sentencing memorandum and sentenced him to the

4

statutory minimum of 180 months of imprisonment and 2 years of supervised release.  Jackson did not raise any new objections to his sentence.

On appeal, Jackson argues that the district court erred in determining that his prior Florida conviction for resisting arrest with violence, in violation of section 843.01, qualifies as a violent felony under the ACCA's elements clause because the ACCA and section 843.01 require different mens rea and section 843.01 does not require the necessary force.

## II. DISCUSSION

We review de novo whether a defendant's prior convictions qualify as violent felonies under the ACCA.  *United States v. Joyner*, 882 F.3d 1369, 1377 (11th Cir. 2018).  Under our prior precedent rule, we are bound to follow prior binding precedent unless and until we overrule it while sitting en banc or the Supreme Court does.  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).  The prior precedent rule applies and binds a subsequent panel to its decision even if existing precedent was overlooked or misinterpreted when the prior precedent was issued.  *United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2264 (2017).  Even if the prior panel's decision is flawed, a later panel lacks the authority to disregard it.  *United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir.), *cert. denied*, 138 S. Ct. 197 (2017).

The ACCA provides that a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a 15-year statutory minimum sentence.  18 U.S.C. § 924(e)(1).  The ACCA defines a violent felony as any crime punishable by more than one year in prison that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B)(i), (ii).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

Under Florida law, resisting arrest with violence constitutes a third-degree felony when an individual "knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer."  Fla. Stat. § 843.01.  We have held that the Florida offense of resisting arrest with violence, in violation section 843.01, categorically qualifies as a crime of violence under U.S.S.G. § 2L1.2, which had the same definition as the elements clause in § 4B1.2 and the ACCA.  *United States v. Romo-Villalobos*, 674 F.3d 1246, 1247 (11th Cir. 2012).  We explained that Florida case law showed that violence was a necessary element of the offense and that it could not be committed by a de minimis use of force.  *Id.*  We also

6

determined that a conviction under section 843.01 requires a general intent, which was sufficient for the elements clause. *Id.* at 1251.

In *Hill*, we reaffirmed our conclusion in *Romo-Villalobos* that a Florida conviction for resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA. *United States v. Hill*, 799 F.3d 1318, 1322-23 (11th Cir. 2015). We also considered that Florida appellate courts have held that violence is a necessary element of resisting arrest with violence. *Id.* In *Joyner*, we recently reaffirmed the holding in *Hill* that resisting arrest with violence is categorically a violent felony under the ACCA's elements clause. 882 F.3d at 1377.

Here, the district court did not err in determining that Jackson's prior Florida conviction for resisting arrest with violence qualified as a violent felony under the ACCA. We have repeatedly held that convictions under section 843.01 are categorically violent felonies under the ACCA's elements clause. *Joyner*, 882 F.3d at 1377; *Hill*, 799 F.3d at 1322-23; *Romo-Villalobos*, 674 F.3d at 1249. We have specifically determined that resisting arrest with violence has the requisite force and mens rea to qualify as a violent felony. *Romo-Villalobos*, 674 F.3d at 1249. Jackson's argument that *Romo-Villalobos* and *Hill* were wrongly decided or overlooked old Florida case law are not grounds for avoiding the prior panel precedent rule. *Golden*, 854 F.3d at 1257; *Fritts*, 841 F.3d at 942; *Vega-Castillo*,

7

540 F.3d at 1236.  Because we are bound by our prior precedent, we conclude that the district court did not err in determining that Jackson's prior Florida conviction for resisting arrest with violence qualified as a violent felony under the ACCA; we affirm Jackson's 180-month sentence.

**AFFIRMED.**