[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14921
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00465-CEH-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE XAVIER FREEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 8, 2019)

Before WILLIAM PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Lawrence Freeman appeals his 180-month sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1]  Freeman originally pleaded guilty to possessing a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1).  His sentence was then enhanced under the ACCA on account of his prior criminal history.  On appeal, Freeman contends that two of the three predicate convictions used to enhance his sentence should not have qualified as violent felonies under the ACCA's elements clause.[2]  Both convictions were for aggravated assault under Florida law.[3]  Because Freeman's claim is foreclosed by binding precedent, we affirm.

We review *de novo* the district court's determination that a defendant's prior convictions qualify as violent felonies under the ACCA.  *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).  We are bound by a prior panel opinion "unless and until it is overruled or undermined to the point of abrogation

---

[1] The relevant portion states: "[A] person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1).

[2] The elements clause of § 924(e), in relevant part, defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 § U.S.C. 924(e)(2)(B).

[3] Florida law defines "aggravated assault" as "an assault: (a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith an intent to commit a felony." Fla. Stat. § 784.021(1).  In turn, Florida law defines "assault" as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011(1).

by the Supreme Court or by this Court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

We have held that the Florida crime of aggravated assault is categorically a violent felony under the ACCA. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337–38 (11th Cir. 2013), *abrogated on other grounds by United States v. Hill*, 799 F.3d 1318, 1321 n.1 (11th Cir. 2015). We have since reaffirmed that holding in *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017), concluding that Florida aggravated assault constitutes a crime of violence under the identical elements clause in the career offender sentencing guidelines.

Our binding precedent in *Turner* forecloses Freeman's contention that his two Florida aggravated assault convictions under Fla. Stat. § 784.021 should not have qualified as violent felonies under the ACCA's elements clause. Accordingly, we affirm the district court's classification of Freeman as an armed career criminal in reliance upon his prior Florida aggravated assault convictions.

**AFFIRMED.**