[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-13666
Non-Argument Calendar
_____

Agency No. A088-295-652

AMPARO M. CASTANEDA GUANUME,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 13, 2020)

Before JORDAN, LAGOA and BLACK, Circuit Judges.

PER CURIAM:

Amparo Castaneda Guanume petitions for review of the Board of Immigration

Appeals' ("BIA") denial of her motion to reconsider and terminate removal

proceedings in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The Government has moved for summary denial of Guanume's petition and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review the BIA's denial of a motion for reconsideration for abuse of discretion. *Assa'ad v. U.S. Atty. Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). We are bound by a prior panel opinion, even if it was wrongly decided, until the opinion's holding is overruled by the Supreme Court or our Court sitting *en banc*. *See United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017).

In *Pereira*, the Supreme Court considered a question "at the intersection of" 8 U.S.C. § 1229(a), regarding the contents of a notice to appear, and the "stop-time" rule for cancellation of removal in 8 U.S.C. § 1229b(d)(1). *Pereira*, 138 S. Ct. at 2109-10. The Supreme Court concluded that a putative notice to appear that does not specify either the time or place of the removal proceedings does not trigger the stop-time rule and thus does not end the alien's continuous physical presence in the

2

United States for purposes of cancellation of removal eligibility. *Pereira*, 138 S. Ct. at 2110. The Supreme Court reasoned that a "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." *Id.* at 2113-14 (quoting 8 U.S.C. § 1229b(d)(1)). Although the Supreme Court in *Pereira* stated that it was deciding only a "narrow question" about an eligibility requirement for cancellation of removal, it also acknowledged that the notice to appear flaw present in the case—the failure to specify the time or place of the removal hearing—was present in nearly every notice to appear that had been issued in recent years. *Id.* at 2110-11. Consequently, *Pereira* gave rise to a raft of claims by aliens asserting that their removal proceedings, whether ongoing or already complete, were void because they were purportedly commenced by a "putative notice to appear" that was "not a notice to appear under section 1229(a)." *Id.* at 2113-14 (quotation marks omitted).

We recently addressed a petitioner's *Pereira* claim that the IJ "never had jurisdiction over his removal case" because the notice to appear "did not include either the time or date of his removal hearing." *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1150 (11th Cir. 2019). As an initial matter, we concluded that we had jurisdiction to review Perez-Sanchez's *Pereira* claim, even though he did not raise it first before the BIA. *Id.* at 1153. We explained that we "always have

jurisdiction to determine our own jurisdiction," and because our jurisdiction to review removal proceedings extended only to final orders of removal, we necessarily had to determine whether there was a valid final order of removal granting it jurisdiction. *Id.* Thus, Perez-Sanchez's failure to exhaust the claim before the agency did not deprive our Court of jurisdiction. *Id.*

Turning next to the merits, we first determined that the notice to appear was "unquestionably deficient" under § 1229(a) for failing to specify the time and date of the removal hearing. *Id.* We concluded in *Perez-Sanchez* that the defective notice to appear did not deprive the agency of jurisdiction over the removal proceedings because the statutory "time-and-place requirement" did not "create a jurisdictional rule," but was instead a "claim-processing rule." *Id.* at 1154-55. Similarly, we also concluded that 8 C.F.R. § 1003.14 too, "despite its language, sets forth not a jurisdictional rule but a claim-processing one," reasoning that "an agency cannot fashion a procedural rule to limit jurisdiction bestowed upon it by Congress." *Id.* at 1155. Having determined that the agency properly exercised jurisdiction over Perez-Sanchez's removal proceedings, we denied his petition for review as to his *Pereira* claim. *Id.* at 1157. Finally, to the extent Perez-Sanchez claimed he was entitled to a remand because the notice to appear otherwise violated the agency's claim-processing rules, we dismissed the petition for lack of jurisdiction because the claim was unexhausted. *Id.*

4

Here, there is no substantial question that Guanume's petition is foreclosed by precedent. *See Groendyke Transp., Inc.*, 406 F.3d at 1162. Guanume's arguments that the IJ did not have jurisdiction over her removal proceeding because her NTA was defective are foreclosed by our precedent in *Perez-Sanchez*. That precedent is binding even if it was wrongly decided, as Guanume argues. *See Golden*, 854 F.3d at 1257.

Therefore, because there is no substantial question that Guanume's petition is foreclosed by precedent, we GRANT the government's motion for summary denial of Guanume's petition. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.