[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-12356
Non-Argument Calendar
_____

Agency No. A206-311-981

FRANCISCA ANTONIA MURILLO-VALLECILLO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 17, 2020)

Before JILL PRYOR, BRANCH and LUCK, Circuit Judges.

PER CURIAM:

Francisca Antonia Murillo-Vallecillo petitions for review of a Board of Immigration Appeals ("BIA") decision reinstating her order of removal. The government has filed a motion for a summary denial of her petition. After careful review, we grant the government's motion.

Murillo-Vallecillo entered the United States without inspection, and the Department of Homeland Security served her with a notice to appear, alleging that she was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i). Although the notice failed to identify the time or place of the removal hearing, the agency later notified Murillo-Vallecillo of the time and place of the hearing. Murillo-Vallecillo failed to appear for her removal hearing, and the immigration judge entered an order of removal.

Later, Murillo-Vallecillo sought to reopen her proceedings and have the order of removal rescinded, arguing that the agency lacked jurisdiction over her removal proceedings because the notice to appear failed to set forth the time and place of her removal hearing. The immigration judge agreed that the agency lacked jurisdiction and entered an order terminating the removal proceedings. But the BIA vacated the immigration judge's decision and reinstated the removal order.

In this petition for review, Murillo-Vallecillo argues that the agency lacked jurisdiction over her removal proceedings because she had been served with a defective notice to appear. The government moved for summary disposition,

2

arguing that our precedent forecloses Murillo-Vallecillo's argument that the agency lacked jurisdiction over her removal proceedings.

Summary disposition is appropriate either when time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review *de novo* the BIA's legal determinations and interpretations of law or statutes, "deferring to an agency's interpretation of a statute it administers only if the statute's language is ambiguous and the agency's interpretation is based on a permissible construction of the statute." *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1152 (11th Cir. 2019) (internal quotation marks omitted). Under our prior panel precedent rule, "the holding of the first panel to address an issue is the law of this Circuit" and "bind[s] all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

The Immigration and Nationality Act provides that an immigration judge shall conduct proceedings to determine whether a noncitizen is removable from the United States.  8 U.S.C. § 1229a(a)(1).  The statute does not explicitly state the conditions upon which jurisdiction vests with an immigration court, but regulations provide that "[j]urisdiction vests . . . when a charging document is filed with the Immigration Court."  8 C.F.R. § 1003.14(a).  A notice to appear is a type of charging document.  *Id.* § 1003.13.  By statute, a notice to appear must specify, among other things, the time and place at which a removal hearing will be held.  8 U.S.C. § 1229(a)(1)(G)(i).  But under the regulatory framework, a notice to appear is not required to specify the time or place of the removal hearing.  *See* 8 C.F.R. § 1003.15(b), (c).

We previously considered whether the agency had jurisdiction over a noncitizen's removal proceedings when he was served with a notice to appear that included no information about the time or place of the removal hearing.  *See Perez-Sanchez*, 935 F.3d at 1150.  We determined that such a notice to appear was "unquestionably deficient" under § 1229(a) and this statutory defect could not be cured by a subsequent notice that informed the noncitizen of the time and place of the removal hearing.  *Id.* at 1153–54.  But we ultimately held that this defect did not deprive the agency of jurisdiction over the removal proceedings.  *Id.* at 1154–57.

4

Under our prior panel precedent rule, we are bound by *Perez-Sanchez* to reject Murillo-Vallecillo's argument that the agency lacked jurisdiction over her removal proceedings. Murillo-Vallecillo admits that the *Perez-Sanchez* panel held that defects in a notice of removal do not deprive the agency of jurisdiction. But, she says, the panel in *Perez-Sanchez* wrongly decided this issue, and we may revisit its decision because a later panel is permitted to revisit an issue when "the first panel to address an issue failed to follow and apply controlling Supreme Court precedent." Petitioner's Br. at 16 (internal quotation marks omitted). We disagree with Murillo-Vallecillo's characterization of our prior precedent rule. As a later panel, we are bound by *Perez-Sanchez* because our Court has "categorically reject[ed]" the argument that there is an "exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis." *Smith*, 236 F.3d at 1303; *see also United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017) (explaining that even if an earlier panel's decision was "flawed," a later panel "does not [have] . . . the authority to disregard it").

We are bound by *Perez-Sanchez* to conclude that the agency had jurisdiction over Murillo-Vallecillo's removal proceedings. Because there is no substantial question as to the outcome of the case, and the government's position is correct as a matter of law, we GRANT the government's motion for summary denial and DENY

Murillo-Vallecillo's petition for review. *See Groendyke*, 406 F.2d at 1162. In addition, we DENY as moot the government's motion to stay the briefing schedule.

6