[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13807
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cr-00052-JDW-PRL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHELLEY DEVAUGHN COOK,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2021)

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Shelley Cook appeals his 180-month sentence imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Acknowledging that he is raising his arguments for purposes of appellate preservation, Cook argues that his prior conviction under Florida's resisting arrest with violence statute, Fla. Stat. § 843.01, cannot be a violent felony under the Armed Career Criminal Act.

We review *de novo* whether a prior conviction is a violent felony for purposes of the ACCA. *United States v. Harris*, 941 F.3d 1048, 1051 (11th Cir. 2019).

The ACCA imposes a mandatory minimum term of imprisonment of 15 years for those who violate 18 U.S.C. § 922(g) and who have previously been convicted on 3 different occasions of violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A "violent felony" under the ACCA is a crime that is punishable by more than one year's imprisonment and "has as an element of the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). U.S.S.G. § 4B1.2(a)(1) uses identical language to define a "crime of violence" and is interpreted to mean the same thing as a violent felony under the ACCA. *United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017).

We have determined that a prior conviction for resisting an officer with violence in violation of Fla. Stat. § 843.01 categorically qualifies as a crime of violence under the elements clause in U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012). Violence is a necessary element of the offense. *Id.* at 1249. In *United States v. Hill*, we reaffirmed this holding under the elements clause in the ACCA. 799 F.3d 1318, 1322–23 (11th Cir. 2015).

Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this Court *en banc* or by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). The prior panel precedent rule applies even if the prior precedent is arguably flawed. *Golden*, 854 F.3d at 1257.

Here, Cook's argument that his prior conviction for Florida resisting an officer with violence is not a violent felony is foreclosed by our binding precedent. *Hill*, 799 F.3d at 1322–23; *Romo-Villalobos*, 674 F.3d at 1251. Accordingly, the district court did not err in sentencing Cook as an armed career criminal.

**AFFIRMED.**