[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11560

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL EUGENE READ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:15-cr-00006-SPC-MRM-1

_____

Before JORDAN, NEWSOM, and MARCUS, Circuit Judges.

PER CURIAM:

Michael Read, a federal prisoner, appeals *pro se* the district court's denial of his compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.[1] Read argues the district court abused its discretion in concluding that a sentence reduction was not warranted in his case. After thorough review, we affirm.

We review a district court's denial of an eligible defendant's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

A district court has no inherent authority to modify a defendant's sentence and may do so only when authorized by a statute or rule. *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a district court to reduce a term of imprisonment, upon the defendant's motion, after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that extraordinary and compelling

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

reasons warrant such a reduction. *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

To reduce a sentence, the district court must find that extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors "to the extent that they are applicable," and find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A). All three conditions are necessary for a reduction. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). For purposes of a defendant's § 3582(c)(1)(A) motion, the district court's discretion to find extraordinary and compelling circumstances is limited to those listed in U.S.S.G. § 1B1.13. *Bryant*, 996 F.3d at 1262–63. One circumstance constituting an extraordinary and compelling reason is a prisoner's medical condition, if he is suffering from a serious physical or mental condition that substantially diminishes his ability to provide self-care in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. (n.1(A)).

The § 3553(a) sentencing factors include the seriousness of the offense and the need for the sentence to promote respect for the law, provide just punishment, and afford adequate deterrence. 18 U.S.C. § 3553(a). It is not necessary for the district court to state on the record that it has explicitly considered each of the factors or to discuss each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The weight given to each factor lies within

the district court's sound discretion, and it may reasonably attach great weight to a single factor. *Id.* at 1327.

Under the prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). The prior panel precedent rule applies even if there is "a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time." *United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017) (quotations omitted).

Here, the district court did not abuse its discretion in denying Read's motion. For starters, our binding precedent has established that "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *Bryant*, 996 F.3d at 1262. And we are bound by *Bryant* because it has not been overruled or undermined to the point of abrogation. *See Archer*, 531 F.3d at 1352; *Golden*, 854 F.3d at 1257. Thus, the district court properly applied § 1B1.13 when considering Read's motion.

The district court also sufficiently analyzed the § 3553(a) factors to find that they did not warrant Read's early release even if he had shown extraordinary and compelling circumstances. 18 U.S.C. § 3582(c)(1)(A). Among other things, the district court found that Read's crime was serious because he was in possession of more than 25,000 images of child pornography and distributed them to

others. *See id.* § 3553(a).  In addition to seriousness of the offense, the district court considered several other sentencing goals, including promoting respect for the law, providing just punishment and providing adequate deterrence.  *Id.*  The district court also specifically stated that it had considered the progress Read had made while incarcerated.  Moreover, even if the district court did not expressly consider every § 3553(a) factor, we've held that the district court need not state on the record that it has done so, and it was ultimately within the district court's discretion to place more weight on the seriousness of his offense.  *See Kuhlman*, 711 F.3d at 1326–27.  On this record, we cannot say that the district court abused its discretion in finding that the § 3553(a) sentencing factors did not warrant Read's compassionate release.  *See Tinker*, 14 F.4th at 1237.  Further, we need not consider whether Read abandoned a challenge to the district court's finding that he was a danger to the community -- the district court's evaluation of the sentencing factors alone was sufficient to deny his motion.  *See id.*  Accordingly, we affirm.

   **AFFIRMED.**