[DO NOT PUBLISH]

THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14885
Non-Argument Calendar

_____

D.C. Docket No. 0:04-cr-60079-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AERRINGTON EDWARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 4, 2020)

Before JILL PRYOR, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Aerrington Edwards ("Edwards") appeals his sentence of 36 months' imprisonment, imposed by the district court after the revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e).  On appeal, Edwards argues that the district court imposed a procedurally and substantively unreasonable sentence when it found that Edwards committed a Grade A supervised release violation and sentenced him at the high end of the guideline range.  After a review of the record and reading the parties' briefs, we affirm Edwards's sentence.

## I.

We generally review a district court's revocation of supervised release for an abuse of discretion and the sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  Under the abuse of discretion standard, we will affirm any sentence that falls within the range of reasonable sentences, even if we would have decided that a different sentence was more appropriate.  *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).  The party challenging the sentence bears the burden to show that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court's sentence is procedurally unreasonable if the district court erred in calculating the guideline range.  *United States v. Trailer*, 827 F.3d 933,

2

936 (11th Cir. 2016).  In calculating the guideline range for the imposition of a sentence upon revocation of supervised release, the district court considers the grade level classification of the revocation-provoking conduct, the defendant's criminal history at the time of the underlying offense, and the class of the underlying offense.  *United States v. Campbell*, 473 F.3d 1345, 1348–49 (11th Cir. 2007); U.S.S.G. §§ 7B1.1, 7B1.4.  A supervised release violation is a Grade A violation if the conduct is, among other things, a state offense that is a crime of violence.  U.S.S.G. § 7B1.1(a)(1).  "Where there is more than one violation of the conditions of supervised release, . . . the grade of the violation is determined by the violation having the most serious grade."  *Id.* § 7B1.1(b).

We have held that aggravated assault, in violation of Florida Statutes § 784.021, is categorically a violent felony under the Armed Career Criminal Act's ("ACCA") elements clause.  *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated in part on other grounds by Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015); 18 U.S.C. § 924(e)(2)(B)(i).  We subsequently reaffirmed our holding in *Turner*, concluding that Florida aggravated assault categorically constitutes a crime of violence under U.S.S.G. § 2K2.1, comment. (n.1), which incorporated the identical elements clause in § 4B1.2. *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017) (noting that "even if *Turner* is flawed, that does not give us, as a later panel, the authority to

disregard it"); U.S.S.G. § 4B1.2(a)(1).  Under the prior panel precedent rule, we are bound by published decisions that have not been overruled by the Supreme Court or this court *en banc*.  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Upon determining that a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose a prison term.  18 U.S.C. § 3583(e).  A district court must consider certain of the factors outlined in § 3553(a) when imposing a sentence after revoking supervised release. *See id*; *Vandergrift*, 754 F.3d at 1308.  Specifically, the district court must consider the nature and circumstances of the crime with the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence and protect the public; and the applicable guideline range and any pertinent policy statements issued by the Sentencing Commission.  18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  We ordinarily expect a sentence within the guideline range to be reasonable.  *United States v. Foster*, 878 F.3d 1297, 1309 (11th Cir. 2018) (quotation marks omitted).

A court can abuse its discretion by imposing a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.

4

*Irey*, 612 F.3d at 1189.  Thus, a district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence.  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).  However, the district court can give great weight to one factor over others.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  The district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss them all individually. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).  It is enough that the context and record indicated the reasoning behind the district court's conclusion. *Rita v. United States*, 551 U.S. 338, 359, 127 S. Ct. 2456, 2469 (2007).  We will only remand for resentencing when we are left with "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Pugh*, 515 F.3d at 1191 (quotation marks omitted).

## II.

In 2004, Edwards pled guilty to possessing with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court sentenced Edwards to 262 months' imprisonment, followed by five years of supervised release.  After the First Step Act of 2018 made the Fair Sentencing Act of 2010 retroactively applicable, the district court reduced

5

Edwards's term of imprisonment to 188 months, followed by four years of supervised release.  At the end of January 2019, Edwards began his term of supervised release with specific conditions: that he not commit another federal, state or local crime or unlawfully posses a firearm; that he permit his probation officer to visit him at any time in his home or elsewhere; and that he truthfully answer inquiries from his probation officer.

On October 1, 2019, the probation officer filed a petition for warrant for Edwards because he had violated the mandatory conditions of his supervised release.  First, Edwards committed aggravated assault with a deadly weapon without the intent to kill, in violation of Florida Statute 784.021(1)(a).  Second, Edwards failed to refrain from violation of the law by committing battery in violation of Florida Statute 784.03.  Third, Edwards failed to permit his probation officer to visit him at any time, at home, or elsewhere.  Edwards denied the violations, and the district court conducted an evidentiary hearing.  After hearing testimony from the probation officer, the victim of the aggravated assault, the victim of the battery, and Edwards, the district court found Edwards guilty of all three charged violations, revoked his term of supervised release, and sentenced him to 36 months' imprisonment and no further supervision.  Edwards appeals.

**III.**

Edwards contends that the district court procedurally erred by finding that he committed a Grade A violation of his supervised release because Edwards's commission of aggravated assault in violation of Florida law is a crime of violence. For sentences imposed on revocation of supervised release, the range is based on (1) the classification of the revocation-producing conduct into one of three grades, (2) the criminal history category applicable at the time the defendant was originally sentenced to the term of supervised release, and (3) the class of his original offense. U.S.S.G. § 7B1.1; § 7B1.4; *Campbell*, 473 F.3d at 1348–49. After that, a district court may revoke a defendant's supervised release and "impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a)." *Campbell*, 473 F.3d at 1348.

Edwards challenges the district court's determination that his Florida aggravated assault charge is not a Grade A violation because it is not categorically a crime of violence. However, Edwards concedes that binding precedent does not support his assertion. *See Turner*, 709 F.3d at 1338; *Golden*, 854 F.3d at 1256–57. Neither of these decisions has been overruled by the Supreme Court or by our court *en banc*. Therefore, the district court properly determined that Edwards's Florida aggravated assault violation constituted a crime of a violence for purposes of classifying his revocation offense as a Grade A and correctly calculated his

7

guideline range based on that determination. Accordingly, we conclude that the district court did not commit procedural error in imposing a 36-month imprisonment sentence.

**IV.**

Edwards also contends that the district court committed substantive error because it sentenced him at the high end of the guidelines range and did not consider any of the sentencing factors in 18 U.S.C. § 3553(a). Based on our review of the record, we find that Edwards cannot meet his burden to show that his sentence is substantively unreasonable. *See Tome*, 611 F.3d at 1378.

Revocation proceedings are governed by 18 U.S.C. § 3583(e), which provides that "a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment" by considering certain factors in 18 U.S.C. § 3553(a). *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006) (citing 18 U.S.C. § 3583(e)). The district court did not refer specifically to the § 3553(a) factors but it did reference Edwards's multiple release violations to support its sentencing determination. The district court also considered the statements of all the parties at the revocation hearing and the information in the violation report in its sentencing determination. The district court found that Edwards, a felon on release, brandished a firearm to threaten an

8

individual, and during the altercation, Edwards employed language identical to that he used in a prior aggravated assault, and it found that within weeks, Edwards hit another man hard enough to knock out two teeth. These findings implicate Edwards's history and characteristics and the need for deterrence, the seriousness of the offense, and the need to protect the public. *See generally* § 3553(a)(1)-(2).

Although Edwards contends that the district court imposed a sentence at the high end of the advisory guideline range (33-36 months) without explanation, nothing in the law "requires the district court to state on the record that it has explicitly considered each of § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) (quotation marks omitted). Moreover, the district court explained that the sentence imposed was appropriate and was within the advisory guideline range, which is a sentencing factor. *See* 18 U.S.C.§ 3553(a)(4). We ordinarily expect a sentence within the guideline range to be reasonable. *Foster*, 878 F.3d at 1309.

Based on our review of the record, we conclude that Edwards has failed to meet his burden to show that the district court imposed a procedurally or substantively unreasonable sentence. Accordingly, based on the aforementioned reasons, we affirm the district court's imposition of a 36-month term of imprisonment for Edwards's violation of supervised release.

AFFIRMED.

9