[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 21-12926

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

*versus*

DAVID E. MERRY,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:19-cr-00157-MCR-1

————————————————

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

David Merry appeals his 120-month sentence, which the district court imposed after he pled guilty to two counts of receipt of child pornography. On appeal, Merry argues that the district court erred in applying a 5-level "pattern of activity" enhancement under § 2G2.2(b)(5) of the Sentencing Guidelines based on his alleged prior sexual abuse of a minor. After careful review, we affirm.

I.

Merry pled guilty pursuant to a plea agreement to two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1). In anticipation of sentencing, the probation office prepared a presentence investigation report ("PSR"). The PSR calculated a base offense level of 22 under § 2G2.2(a)(2) of the Sentencing Guidelines. As relevant to this appeal, the PSR applied a five-level increase under § 2G2.2(b)(5) because Merry had engaged in a pattern or activity involving the sexual abuse or exploitation of a minor. Specifically, the PSR explained that Merry had on four separate occasions sexually abused a minor, C.L. Merry was arrested in 2002, tried in 2004, and ultimately acquitted. Based on other reductions and increases not relevant to this appeal, the PSR calculated Merry's total offense level to be 36. With a criminal history category of I, Merry's resulting guidelines range was 188 to 235 months' imprisonment.

Merry objected to the five-level increase under § 2G2.2(b)(5). At a sentencing hearing, the government offered testimony from C.L. about the alleged assaults and the trial. The government also filed a memorandum highlighting additional evidence of the assaults from the 2004 trial, including trial testimony of C.L.'s mother, C.L.'s pastor, and law enforcement, to all of whom C.L. made contemporaneous disclosures about the assaults; and trial testimony by law enforcement that Merry did not initially deny the assaults but claimed to have forgotten the acts.

The district court overruled Merry's objection, concluding that the government had demonstrated by a preponderance of the evidence that Merry had engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. At a second hearing, the court sentenced Merry to 120 months' imprisonment.

This is Merry's appeal.

## II.

Merry challenges the district court's application of the § 2G2.2(b)(5) enhancement.[1] Acknowledging that "[t]he law of this circuit, and every circuit, and the United States Sentencing Guidelines[] provide that acquitted conduct may be considered in

---

[1] When determining whether the district court properly applied a sentencing enhancement, "we review legal questions *de novo*, factual findings for clear error, and the district court's application of the guidelines to the facts with due deference, which is tantamount to clear error review." *United States v. Isaac*, 987 F.3d 980, 990 (11th Cir. 2021) (internal quotation marks omitted).

determining a sentence for a defendant,"[2] Appellant's Br. at 23, Merry contends that the enhancement should not have been applied in his case because the alleged conduct was not related to the instant offenses. We disagree.

Section 2G2.2 of the Sentencing Guidelines provides for a five-level increase to a defendant's offense level "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S. Sent'g Guidelines Manual § 2G2.2(b)(5) (U.S. Sent'g Comm'n 2018). Application Note 1 to § 2G2.2 defines a "[p]attern of activity involving the sexual abuse or exploitation of a minor" as:

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

*Id.*, cmt. n.1. The commentary further provides that "'[s]exual abuse or exploitation' does not include possession, accessing with

---

[2] Merry nonetheless challenges this rule as violating the Fifth Amendment's Due Process Clause and the Sixth Amendment's right to a jury trial. Although we acknowledge that Merry's challenges are preserved for further appellate review, we reject them as conflicting with binding precedent. *See United States v. Watts*, 519 U.S. 148, 157 (1997) (holding that, consistent with due process, a sentencing court may consider acquitted conduct so long as it finds by a preponderance of the evidence that the conduct occurred); *United States v. Faust*, 456 F.3d 1342, 1347–48 (11th Cir. 2006) (rejecting a Sixth Amendment challenge to the use of acquitted conduct to enhance a guidelines sentence).

intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor." *Id.*

Merry does not challenge that the alleged conduct he committed that resulted in his acquittal was sexual abuse or exploitation of a minor. Nor does he argue that there were fewer than two alleged instances of sexual abuse or exploitation. Rather, he argues that the alleged conduct was too remote in time and too different in nature to warrant the enhancement. This Court has previously rejected arguments similar to Merry's, however.

In *United States v. Turner*, we held that there is no temporal limitation on the conduct that district courts can consider under § 2G2.2(b)(5). 626 F.3d 566, 572–73 (11th Cir. 2010). There, we upheld a district court's application of the enhancement even when the pattern-of-activity conduct occurred 20 years before the defendant's sentencing at which the enhancement was applied. *Id.* Under *Turner*, the district court was within its discretion to consider Merry's two-decades-old conduct.

In *Turner* we further rejected the argument that there must be a connection between the child pornography offense and the prior sexual abuse or exploitation. *Id.* at 572. There, as here, the pattern-of-activity conduct did not involve the same victim and did not otherwise relate to the offense to which the enhancement applied. *See id.* Because Application Note 1 specifically excludes from the definition of sexual abuse or exploitation the receipt or possession of child pornography, we explained, there will always be some disconnect between the offense to which the enhancement applies and the pattern-of-activity conduct. *Id.* Applying this logic, which

6                    Opinion of the Court                    21-12926

binds us today, Merry's argument that the pattern-of-activity con-
duct and instant offense must be connected is meritless. *See United
States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (explaining
that, under the prior-panel-precedent rule, a prior panel's holding
is binding on all subsequent panels unless and until it is overruled
or undermined to the point of abrogation by the Supreme Court
or by us sitting en banc).[3]

    For the foregoing reasons, we affirm Merry's sentence.

    **AFFIRMED.**

---

[3] Merry argues that "[a]n enhancement imposed pursuant to [this commen-
tary] is invalid because the plain text of the guidelines limits the pattern of
activity to acts committed in the course of the federal offense of conviction."
Appellant's Br. at 29. Even assuming for the sake of argument that he is correct
about the plain text of § 2G2.2(b)(5), we remain bound by *Turner*'s reliance
on the commentary. *See United States v. Golden*, 854 F.3d 1256, 1257 (11th
Cir. 2017) (explaining that the prior panel precedent rule applies even if a later
panel believes the prior precedent to be analytically flawed).